UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JADA WEAVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:09-CV-1124-G |
| WORLD FINANCE CORPORATION ) | |
| OF TEXAS, ET AL., ) | **ECF** |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are the motion of the defendants World Finance Corporation of Texas, *et al.* ("the defendants") to enforce settlement agreement (docket entry 13) and the motion of Kilgore & Kilgore, PLLC and W.D. Masterson to withdraw as counsel for plaintiff Jada Weaver (docket entry 15). For the reasons discussed below, both motions are granted.

## I.  BACKGROUND

The plaintiff Jada Weaver ("Weaver") alleges that the defendants terminated her employment in violation of the Texas Labor Code. *See* Defendant's Notice of Removal, Exhibit A, Attachment 2, Plaintiff's Original Petition at 7-8. On April 21,

2009, Weaver and the defendants successfully mediated their dispute. Affidavit of Denis Cotter Villani ("Villani Affidavit") ¶ 3, *located in* Appendix to Motion to Enforce Settlement Agreement ("Appendix") at 1. At the mediation, Weaver executed a mediated settlement agreement in which she agreed, in exchange for a stated consideration, to execute a formal settlement agreement and dismiss this action. See *id.* ¶ 4, *located in* Appendix at 1-2; *see also* Rule 11 Mediated Settlement Agreement, *located in* Appendix at 4-5. On August 24, 2009, the defendants sent a copy of the formal settlement agreement to the office of Kilgore & Kilgore, PLLC ("plaintiff's counsel") for Weaver to sign. Villani Affidavit ¶ 5, *located in* Appendix at 2. However, Weaver never signed the formal settlement agreement. Defendants' Motion to Enforce Settlement Agreement ("Motion to Enforce") at 2-3; *see also* Motion of Kilgore & Kilgore, PLLC and W.D. Masterson to Withdraw as Counsel for Plaintiff Jada Weaver ("Motion to Withdraw") at 2. On October 2, 2009, plaintiff's counsel informed the defendants that Weaver refused to sign the formal settlement agreement and that plaintiff's counsel was withdrawing from its representation of Weaver in this action. Motion to Enforce at 3.[1]

---

[1] Although neither party has posed a jurisdictional challenge, the court has an independent obligation to examine its jurisdiction before addressing the defendant's motion to enforce the settlement agreement. See *United States v. Hays*, 515 U.S. 737, 742 (1995). "As a general rule, once a lawsuit has been dismissed, enforcement of a settlement agreement requires a basis for subject matter jurisdiction independent of the underlying suit." *Charley v. Shell Oil Company*, 1996 WL 182209, at *2 (S.D. Tex. Feb. 8, 1996) (citing *Kokkonen v. Guardian Life Insurance Company of*

(continued...)

II.  ANALYSIS

A.  Defendants' Motion to Enforce the Settlement Agreement

The court concludes that the mediated settlement agreement entered into by the parties on April 21, 2009, is a valid settlement agreement.  To determine the validity of a settlement agreement, a federal court sitting in diversity applies the law of the state in which the settlement agreement was negotiated and where it is to be performed.  *Lockette v. Greyhound Lines, Inc.*, 817 F.2d 1182, 1185 (5th Cir. 1987).  "More specifically, the enforceability of a settlement agreement in a diversity case tried in a federal district court in Texas is governed by the provisions of Rule 11, Texas Rules of Civil Procedure ('Texas Rule 11')."  *Borden v. Banacom Manufacturing and Marketing, Inc.*, 698 F. Supp. 121, 123 (N.D. Tex. 1988) (Sanders, Acting C.J.).  In pertinent part, Texas Rule 11 provides that a settlement agreement is enforceable by a court only if the agreement is "in writing [and] signed and filed with the papers

---

[1](...continued)
*America*, 511 U.S. 375 (1994)).  There is an exception to that general rule in cases in which the settlement agreement is made part of the court's order of dismissal by a separate provision, "such as a provision 'retaining jurisdiction' over the settlement agreement."  *Kokkonen*, 511 U.S. at 381.  In this case, the court previously entered an order dismissing with prejudice "all claims by all parties in this action . . ., subject to reopening within sixty (60) days if the settlement is not consummated."  Order of Oct. 2, 2009 (docket entry 12).  The "subject to reopening" clause in the order of dismissal is sufficient to preserve the court's jurisdiction to enforce the parties' settlement agreement.  See *Bell v. Shexnayder*, 36 F.3d 447, 449 n.2 (5th Cir. 1994) (describing *Kokkonen* as "distinguishable" from a case in which "the district court's order of dismissal expressly provided that the parties could, within 60 days, move to reopen the case to enforce the settlement").

as part of the record." TEX. R. CIV. P. 11. In this case, the mediated settlement agreement (1) is in writing; (2) has been signed by Weaver, Weaver's attorney, and the defendants' attorney; and (3) has been filed with the court. *See* Rule 11 Mediated Settlement Agreement, *located in* Appendix at 4-5; see also *Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995) (confirming that a settlement agreement may be filed with court after consent to it has been withdrawn, "so long as the agreement is filed before it is sought to be enforced").

The court also concludes that the enforcement of the mediated settlement agreement is proper. "It is well established that courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them." *Bell*, 36 F.3d at 449 (citation and internal quotation marks omitted); see also *Von Drake v. Core, Inc.*, 2003 WL 22234922, at *9 (N.D. Tex. July. 17, 2003) (Ramirez, M.J.) ("'Federal courts have held under a great variety of circumstances that a settlement agreement once entered into cannot be repudiated by either party and will be summarily enforced.'") (quoting *Cia Anon Venezolana de Navegacion v. Harris*, 374 F.2d 33, 35 (5th Cir. 1967)), *report and recommendation adopted*, 2003 WL 22234925. The decision whether to grant a motion to enforce a settlement agreement is committed to the discretion of the district court. See *Deville v. United States ex rel. Department of Veterans Affairs*, 202 Fed. Appx. 761, 762 (5th Cir. 2006). A district court may exercise its discretion to enforce a settlement agreement where one party to

a suit has initially agreed to a settlement but later refused to execute a formal agreement reciting the terms of the settlement.  See, *e.g.*, *Daftary v. Metropolitan Life Insurance Company*, 136 F.3d 137, 1998 WL 30059, at *1 (5th Cir. Jan. 12, 1998) (per curiam).[2]

Here, it is undisputed that Weaver signed the mediated settlement agreement.  By doing so, she not only agreed to accept a specified consideration in exchange for releasing all of her claims against the defendants, she also agreed to "execute the necessary documents to completely and fully release all past, future and present claims" against the defendants and to sign "all necessary settlement documents" prepared by the defendants' attorney.  *See* Rule 11 Mediated Settlement Agreement ¶¶ 3-4, 10, *located in* Appendix at 4-5.  The court has reviewed the mediated settlement agreement signed by Weaver and the formal, final settlement agreement prepared by the defendants; there are no material differences between the two documents.  "Where a party has knowingly and voluntarily agreed to settle his claims

---

[2]    Although the validity of a settlement agreement in a diversity case is a matter of state substantive law, the manner or method by which a valid settlement agreement can be enforced is a matter of federal procedural law.  See *Howard v. Chris-Craft Corporation*, 562 F. Supp. 932, 938 (E.D. Tex. 1982) (rejecting the argument that Texas state law limits or constrains a federal court's authority to summarily enforce settlement agreements); compare *Mid-South Towing Company v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984) (concluding that, under federal law, "[a] District Court has the power to enforce summarily a settlement agreement reached in a case pending before it"), with *Gunter v. Empire Pipeline Corporation*, __ S.W.3d __, 2009 WL 2196119, at *1 (Tex. App.--Dallas July 24, 2009, pet. denied) (concluding that Texas law "does not recognize the existence of any special summary proceeding for the enforcement of a written settlement agreement").

and no change of circumstances warrants repudiation of the agreement, the courts will enforce the settlement agreement." *Bell*, 36 F.3d at 449 (citation and internal quotation marks omitted).  Therefore, the court concludes that the defendants' motion to enforce the settlement agreement should be granted.

### B.  Plaintiff's Counsel's Motion to Withdraw

The court also concludes that plaintiff's counsel's motion to withdraw should be granted.  Local Rule 83.12 provides that "an attorney desiring to withdraw in any case must file a motion to withdraw" and that the motion to withdraw must

> specify the reasons requiring withdrawal and provide the name and address of the succeeding attorney. If the succeeding attorney is not known, the motion must set forth the name, address, and telephone number of the client and either bear the client's signature approving withdrawal or state specifically why, after due diligence, the attorney was unable to obtain the client's signature.

N.D. TEX. LOC. R. 83.12a; see also *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989) ("An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client.").  The decision whether to grant an attorney's motion to withdraw is "entrusted to the sound discretion" of the district court.  *Id.* (citation and internal quotation marks omitted).

Here, plaintiff's counsel's motion to withdraw satisfies the requirements of Local Rule 83.12a.  *See* Motion to Withdraw at 3.  Plaintiff's counsel contends that good cause for withdrawal exists because plaintiff's counsel and Weaver "have been

unable to agree upon how to prosecute this case, and have reached an impasse, because counsel believes that a reasonable effort should be made to settle this case, but [Weaver] does not agree with the Settlement Agreement and Release and has refused to sign it." *Id.*  As discussed above, the mediated settlement agreement is a valid, legally enforceable settlement agreement, and it obligates Weaver to execute the formal settlement agreement prepared by the defendants.  The court finds that Weaver's refusal to do so constitutes good cause for her counsel to withdraw.

### III.  CONCLUSION

For the reasons discussed above, the defendants' motion to enforce the settlement agreement is **GRANTED**, and plaintiff's counsel's motion to withdraw is **GRANTED**.

Plaintiff's counsel is **ORDERED** to send a copy of this order to the plaintiff.

The mediated settlement agreement signed by the parties at the conclusion of the mediation requires Weaver to execute certain documents in furtherance of the settlement.  Therefore, Weaver is **ORDERED** to execute the Confidential Settlement Agreement and Release of All Claims attached to the defendants' motion to enforce and return it to counsel for the defendants within fourteen (14) days of the entry of this memorandum opinion and order.

Weaver is further **ORDERED** to execute the joint stipulation of dismissal with prejudice attached to the defendants' motion to enforce and return it to counsel for

the defendants within fourteen (14) days of the entry of this memorandum opinion and order.

In the event that Weaver fails to comply with any of the terms of this memorandum opinion and order, the defendants may return to this court to seek further relief, including sanctions against Weaver.

May 12, 2010.

*[signature: A. Joe Fish]*
**A. JOE FISH**
**Senior United States District Judge**